UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERMAN RICO SOTO,<br><br>Plaintiff,<br><br>v.<br><br>SUP I SMITH'S SHOPPING CENTER LLC, NEVADA FOREIGN LIMITED LIABILITY COMPANY d/b/a SMITH'S FOOD & DRUG #396, SMITH'S FOOD & DRUG CENTERS INC., BREEANE LEAFDELE, LUIS SERVIA, and JENNIFER CORACCIDO,<br><br>Defendants. | Case No. 2:25-cv-02129-EJY<br><br>**ORDER** |

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* and Complaint. ECF No. 1, 1-1. The Application is complete and granted below.

**I.      Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id*.).

**II.     Plaintiff does not assert a basis for jurisdiction.**

Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024,

1

1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is commonly referred to as federal question jurisdiction. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court may raise the question of subject matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). As the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing subject matter jurisdiction exists. *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Plaintiff's Complaint fails to plead facts establishing or that could establish subject matter jurisdiction in the U.S. District Court for the District of Nevada. Plaintiff's Complaint arises out of an alleged accident at a Las Vegas Smith's Supermarket. Plaintiff claims he slipped and fell on a liquid substance near the refrigerated produce section. ECF No. 1-1. Plaintiff sues Smith's and individual defendants claiming the company and individual defendants were negligent. *Id*. at 7. Plaintiff seeks $17 million in damages for the injury to his cervical and lumbar discs from the fall. *Id*. at 7.

These allegations do not establish federal question jurisdiction as there are no alleged violation of the Constitution or federal law. Plaintiff also does not plead a basis for diversity jurisdiction. Plaintiff states a claim against "Sup I Smith's Shopping Center" and various individuals who are employees of the Las Vegas Smith's Supermarket. Diversity jurisdiction requires every named defendant to be a citizen of a state other than the citizenship of Plaintiff. Plaintiff alleges he

is a citizen of Nevada. Even assuming Smith's is a foreign corporation whose citizenship is in a state other than Nevada, the individual defendants named by Plaintiff, who are all employees of Smith's (*id*. at 5), are citizens of Nevada. Thus, Plaintiff cannot state a basis for diversity jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553, (2005) ("the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction[.]")

### III.   Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice, but also without leave to amend in federal court. The dismissal without prejudice allows Plaintiff to refile his Complaint in state court where he may assert his state law claim.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 6) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of Court is to close this case and accept no further pleadings in this matter.

Dated this 24th day November, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE